IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR - 9 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| REBECCA R. LARABEE, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:13-CV-006-A |
| | § |
| U.S. BANK, N.A., AS TRUSTEE | § |
| FOR THE CERTIFICATE HOLDERS OF | § |
| BANC OF AMERICA FUNDING | § |
| CORPORATION 2008-FT1 TRUST, | § |
| MORTGAGE PASS-THROUGH | § |
| CERTIFICATES, SERIES 2008-FT1, | § |
| | § |
| Defendant. | § |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

Now before the court is the motion of defendant, U.S. Bank, N.A., as Trustee for the Certificate Holders of Banc of America Funding Corporation 2008-FT1 Trust, Mortgage Pass-Through Certificates, Series 2008-FT1, to dismiss the amended complaint of plaintiff, Rebecca R. Larabee, for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed a response, and defendant did not file a reply. After having considered all the parties' filings and applicable legal authorities, the court concludes that the motion to dismiss should be granted in part and denied in part.

I.

## Background

Plaintiff initiated this removed action by a pleading filed in the District Court of Parker County, 43rd Judicial District, against defendant, in Cause No. CV12-1774, and amended her complaint following removal.

Plaintiff makes the following factual allegations in her amended complaint:

On December 28, 2009, defendant notified plaintiff, "We are pleased to advise you that your loan modification has been approved," and that the modified principal balance of the loan was $22,026.45. Am. Compl. at 2, Ex. A. The notice contained the amount of plaintiff's modified payment, $512.42, and contained a "Loan Modification Agreement" stating that the agreement "amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt . . . dated the 28th day of May, 2004, in the amount of $20,000.00, and (2) the Note secured by, the Security Instrument, which covers [plaintiff's property]." Id., Ex. B. Plaintiff made each monthly payment in the amount of $512.42 until approximately March 23, 2011, when she was informed that her account had gone into escalation and the loan modification agreement was "no longer any good." Id. at 2-3.

Plaintiff received an email from Cristin Riley ("Riley") stating that the loan modification never closed and that she would send new documents to plaintiff which would "have the same terms as the other," but plaintiff never received the documents. Id. at 3. On March 28, 2011, Riley contacted plaintiff and assured her that the process can take a few weeks and that Riley would keep plaintiff informed. On July 11, 2011, defendant rejected plaintiff's personal check for $512.42 because "only a cashier's check or money order is acceptable at this time." Id. Plaintiff then sent a cashier's check for $512.42 dated July 18, 2011, which was returned on July 21, 2011 with an explanation that the amount of the check did not represent the total amount due. Plaintiff had not received a notice providing the total amount due. On July 19, 2011, Riley contacted plaintiff and informed her that her account had been referred to an escalation team. Plaintiff "apparently" contacted defendant around August 1, 2011, "to ascertain the status of her loan." Id. Defendant responded on August 24, 2011, and explained that it was in the process of gathering documents and information to provide a complete response to plaintiff. In a letter dated September 6, 2011, defendant informed plaintiff that there was a total of $1,347.71 in partial payments on her loan, and such amount was not sufficient to satisfy the delinquency on the loan. Defendant

3

has not informed plaintiff of the amount she owes. In October 2011, defendant's counsel sent plaintiff a "Notice of Default and Intent to Accelerate," which stated that plaintiff's note was due in full in the amount of $19,709.16. Defendant initiated foreclosure proceedings in state court.

II.

Plaintiffs' Claims and Grounds of Defendant's Motion

The complaint alleges the following causes of action against defendant: (1) breach of contract; (2) promissory estoppel; and (3) statutory fraud pursuant to Texas Business and Commerce Code Section 27.01. Defendant contends that the complaint fails to state a claim upon which relief may be granted because plaintiff fails to allege facts that could support any of her claims against defendant.

III.

Analysis

A.  The Rule 8(a)(2) Pleading Standards

The court now considers the standard of pleading, and applies these standards to the Complaint. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in

4

order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiffs to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiffs' right to relief is plausible. Iqbal, 129 S. Ct. at 1950. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

5

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

B. <u>Applying the Standards to the Amended Complaint</u>

Proceeding on the basis of the information before the court in plaintiff's amended complaint, the court finds that plaintiff's allegations for breach of contract and statutory fraud fall short of the pleading standards, but that plaintiff has made allegations sufficient to state a claim for promissory estoppel.

1. <u>Breach of Contract</u>

Plaintiff contends that defendant breached the loan modification agreement by failing to close on the agreement, failing to accept payments according to the terms of the agreement, and attempting to wrongfully foreclose on the property under the agreement. Defendant contends that plaintiff cannot maintain her breach of contract claim because (1) she is in default on the note, and (2) her claim is barred by the statute of frauds, leaving no enforceable contract to breach. Whether plaintiff is actually in default is a fact issue that cannot be conclusively determined at this stage of the proceedings; however, the complaint and purported loan modification agreement show that plaintiff's breach of contract claim is barred by

6

section 26.01 of the Texas Business and Commerce Code, which provides:

> (a) A promise or agreement described in Subsection (b) of this section is not enforceable unless the promise or agreement, or a memorandum of it, is
>
> > (1) in writing; and
> >
> > (2) signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.
>
> (b) Subsection (a) of this section applies to:
>
> \* \* \*
>
> > (6) an agreement which is not to be performed within one year from the date of making the agreement.

The purported agreement falls under the provisions of this section, as it would clearly require more than one year for plaintiff to pay off $22,026.45 in installments of $512.42. The plain language of the statute requires that, for the agreement to be enforceable by plaintiff against defendant, it must be signed by defendant or someone legally authorized to sign for defendant. Plaintiff makes no allegation that defendant or a representative of defendant ever signed the agreement. Furthermore, in addition to the requirement under the statute of frauds, the document attached by plaintiff to her amended complaint specifically provides, "In order for the modification to be valid, the enclosed documents [loan modification agreement] need to be

7

signed and returned." Am. Compl., Ex. A. Although plaintiff alleges that she "agreed too" the modification, she does not allege that she ever signed and returned any such documents, and alleges nothing that can show that a valid contract existed between the parties. Id. at 3. Accordingly, plaintiff's breach of contract claim fails.

2. Promissory Estoppel

Plaintiff next asserts that she reasonably relied to her detriment on promises made by defendant in connection with the loan modification agreement, that defendant failed to perform, and that plaintiff suffered damages as a result. At this point in the litigation, the court concludes that dismissal of plaintiff's claim for promissory estoppel is premature, and the issues raised therein are better suited for consideration in a motion for summary judgment context.

3. Texas Business and Commerce Code

Plaintiff contends that defendant violated Section 27.01 of the Texas Business and Commerce Code by making false representations regarding the loan modification agreement upon which plaintiff relied. Section 27.01, however, relates only to transactions involving a buyer and seller of real property and does not apply to transactions regarding the mere loaning of money for real estate. Dorsey v. Portfolio Equities, Inc., 540

8

F.3d 333, 343 (5th Cir. 2008) ("A loan transaction, even if secured by land, is not considered to come under the statute."). Because plaintiff's claim is based only on allegations of misrepresentations made in the context of a loan modification, and not on any kind of real estate transaction between the parties, the claim fails and should be dismissed.

IV.

Conclusion

The court concludes that plaintiff has failed to state a claim for breach of contract or violations of Section 27.01 of the Texas Business and Commerce Code, and that those claims should be dismissed. As to plaintiff's claim for promissory estoppel, the court concludes that such claim should be considered in a motion for summary judgment context.

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted as to plaintiff's claims for breach of contract and for violations of the Texas Business and Commerce Code, and that those claims and causes of action be, and are hereby, dismissed.

The court further ORDERS that defendant's motion to dismiss be, and is hereby, denied as to plaintiff's claim for promissory estoppel.

9

The court further ORDERS that by 2:00 p.m. on May 9, 2013, defendant (1) file a motion for summary judgment and (2) serve plaintiff with a copy of the motion.

The court further ORDERS that by 2:00 p.m. on May 24, 2013, plaintiff respond to such motion.

SIGNED April 9, 2013.

JOHN McBRYDE
United States District Judge